# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS GUADALUPE HERRERA MACHACA,<br><br>Defendant. | Criminal No. 12-118(1) (JRT/LIB)<br><br>**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

Julie E. Allyn, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Jesus Guadalupe Herrera Machaca, No. 68766-097, United States Penitentiary-Lompoc, 3901 Klein Boulevard, Lompoc, CA 93436, *pro se* defendant.

On May 15, 2013, Defendant Jesus Guadalupe Herrera Machaca pled guilty to Count 10 of an Indictment charging him with aiding and abetting the distribution of more than 50 grams of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2. (Change of Plea Tr. ("Plea Hr'g") at 30:17-31:1, Feb. 4, 2015, Docket No. 574; Felony Information, May 15, 2013, Docket No. 400.)[1] On

---

[1] As discussed below, Machaca pled guilty at the plea hearing – without a plea agreement – to one Felony Information count. (*See* Felony Information at 1; Plea Hr'g at 3:10-16, 5:13-22, 11:8-13.)

January 12, 2015, the Court sentenced Herrera Machaca to 168 months imprisonment. (Sentencing Hr'g Tr. at 22:3-10, Feb. 5, 2015, Docket No. 576.)

On July 25, 2016, Herrera Machaca filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 asserting that the government fraudulently induced his guilty plea and that he received ineffective assistance of counsel during the plea hearing. (Pro Se Mot. to Vacate ("Section 2255 Mot.") at 4-7, July 25, 2016, Docket No. 639.) Because Herrera Machaca failed to factually and legally support his claims, the Court will deny the § 2255 motion.

## DISCUSSION

### I. SECTION 2255

Section 2255(a) permits a prisoner to move the court that sentenced him to "vacate, set aside or correct the sentence" on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Such relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

## II.   HERRERA MACHACA'S CLAIMS

In support of his § 2255 motion, Herrera Machaca claims the United States fraudulently induced his guilty plea and that he received ineffective assistance of counsel.[2] Each of Herrera's grounds for § 2255 relief is discussed in turn below.

### A.   Plea Hearing

Herrera Machaca asserts the United States fraudulently induced his guilty plea because he agreed to plead guilty to Count 10 of the Indictment, yet the United States filed a different count in a Felony Information charging Herrera Machaca with aiding and abetting the distribution "of a different drug type than was originally charged in the Indictment." (Section 2255 Mot. at 5.)  Herrera Machaca asserts that Count 10, the count where he agreed to plead guilty, charged Herrera Machaca with distributing "50 grams or

---

[2] On July 1, 2016, Herrera Machaca also filed a *pro so* motion requesting the Court "grant an extension for his filing" of a "§ 2255" motion as he believed the motion was due on June 25, 2016.  (Pro Se Mot. to Vacate ("Mot. for Extension to File") at 1, July 1, 2016, Docket No. 638.)  Herrera Machaca then filed his § 2255 motion on July 25, 2016.  (*See* 2255 Mot. at 1.)  The United States did not contest that motion as untimely, nor does the Court find Herrera Machaca's motion untimely under § 2255(f).

Of the four specified dates listed in § 2255(f), only one is relevant here – "the date on which the judgment of conviction becomes final."  A judgment is final "where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed [or denied] . . . ."  *United States v. Johnson*, 457 U.S. 537, 542 n.8 (1982) (quoting *Linkletter v. Walker*, 381 U.S. 618, 622 n.5).  The time for filing a petition for certiorari is "90 days after entry of the Court of Appeals' judgment."  *Clay v. United States*, 537 U.S. 522, 525 (2003).

The Eighth Circuit entered judgment as to Herrera Machaca on September 10, 2015.  (*See* J. of United States Court of Appeals, Sept. 10, 2015, Docket No. 623.)  Herrera Machaca had until December 9, 2015 to file a petition for certiorari, but did not do so.  Thus, as Herrera Machaca filed his § 2255 motion on July 27, 2016, well before the statute of limitations expired on December 9, 2016, the Court will deny his first motion to "grant an extension" to file the § 2255 motion as moot.

more of a mixture or substance containing a detectable amount of methamphetamine," in violation of 21 U.S.C. § 841(b)(1)(A) (Superseding Indictment at 7, June 5, 2012, Docket No. 36), whereas the Felony Information submitted as part of the plea charged Herrera Machaca with "50 grams or more of actual methamphetamine," in violation of § 841(b)(1)(B), (Felony Information at 1).

However, the parties and the Court thoroughly discussed this discrepancy during the plea hearing where Herrera Machaca admitted to the 50 grams of actual methamphetamine drug quantity. There, the United States explained that "probation c[a]me[] back and add[ed] additional relevant conduct that would make [Herrera Machaca] eligible for a ten-year mandatory minimum [under § 841(b)(1)(B)]" due to the drug type of 50 grams of actual methamphetamine. (Plea Hr'g at 2:25-4:16; 30:9-31:1.) The United States offered to refile Count 10 of the Indictment to state that the offense violated § 841(b)(1)(A) rather than § 841(b)(1)(B), however defense counsel suggested – and the Court authorized – the plea hearing to proceed as if one Felony Information count had been filed charging Herrera Machaca with violating § 841(b)(1)(B). (Plea Hr'g at 3:18-5:24.)[3] The Court, defense counsel, and the United States repeatedly verified that Herrera Machaca understood this change and the consequences of the plea:

> THE COURT: All right. Mr. Herrera, you are agreeing to plead guilty to what will be Count 1 of an information, currently Count 10 in the indictment, is that correct?
>
> THE DEFENDANT: Yes.

---

[3] The United States filed the Felony Information on the same day, after the hearing. (*See* Felony Information at 1.)

(*Id.* at 6:14-17; *see also id.* at 11:8-13, 30:17-31:1.)

> THE COURT: All right. So you are agreeing to plead guilty to what will now become Count 1 of the information, and as I understand it, that charges you with distribution of more than 50 grams of methamphetamine.
>
> THE DEFENDANT: Yes, sir.

(*Id.* at 13:6-10.)

> MR. HAWKINS:[4] Do you understand what we're talking about doing today is proceeding on an indictment – strike that – on an information in lieu of this indictment because of the change in the statute that you're being charged under which reflects a ten-year mandatory minimum?
>
> THE DEFENDANT: Yes, sir.
>
> MR. HAWKINS: Do you have any objection to proceeding by information?
>
> THE DEFENDANT: No.

(*Id.* at 12:2-10; *see also id.* at 33:13-17.)

> MR. HAWKINS: And you don't challenge the fact that it was 110.8 grams of actual methamphetamine?
>
> THE DEFENDANT: No.

(*Id.* at 13:24-14:1; *see also id.* at 17:6-10.)

> MR. BRYAN:[5] Is there any doubt that you're guilty of distributing, aiding and abetting the distribution of 110.8 grams of actual methamphetamine on that date, sir?
>
> THE DEFENDANT: No, sir.

---

[4] Charles Hawkins appeared as counsel for Herrera Machaca during the plea hearing. (Plea Hr'g at 2:13-14.)

[5] Jeff Bryan appeared on behalf of the United States Attorney's Office during the plea hearing. (Plea Hr'g at 2:9-11.)

(*Id.* at 16:17-20.)

Prior to accepting a guilty plea, the Court asked defense counsel to confirm "we don't have a dispute right now about the drug quantity or the purity," (*id.* at 16:22-24), whereby Herrera Machaca acknowledged he was pleading guilty to distributing at least 50 grams of **actual** methamphetamine which carried a ten-year mandatory minimum sentence, (*id.* at 17:3-17). Thus, Herrera Machaca's own testimony undermines his argument that the United States fraudulently induced him to plead guilty to the Felony Information, as Herrera unambiguously acknowledged: a desire to plead guilty to the Felony Information; that his guilty plea carried a ten-year mandatory minimum; and that the Court would be unable to sentence him beneath the mandatory minimum. (*Id.* at 17:13-18:7.) Thus, the Court will deny the § 2255 motion on the grounds that the United States fraudulently induced Herrera Machaca's guilty plea.

### B.  Ineffective Assistance of Counsel

Herrera Machaca also claims that he received ineffective assistance of counsel during the plea process because his counsel never explained how the change in drug quantity and type would impact his sentence, making his plea unknowing and involuntary. A party claiming ineffective assistance of counsel must establish (1) that the attorney's performance "fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

As detailed above, Herrera Machaca was fully cognizant as to the drug type, quantity, and the penalty he faced during the plea hearing. Moreover, defense counsel strongly advocated for Herrera Machaca and negotiated the entry of the guilty plea to the Felony Information in exchange for the United States' recommendation of a three-level reduction for acceptance of responsibility and its promise to dismiss the remaining counts in the Indictment at sentencing. (Plea Hr'g at 3:10-16.) The Court finds defense counsel's conduct and advocacy not deficient but entirely effective and reasonable.

Herrera Machaca also notes that he pled guilty to 110.8 grams of methamphetamine, but the Court sentenced him for a drug quantity amount of at least 500 grams but less than 1,500 grams of methamphetamine. Herrera Machaca claims that he received ineffective assistance of counsel because his attorney failed to object to the increased drug quantity during sentencing.

At sentencing, to determine the drug quantity for a drug-related offense, the Court includes all drug transactions "known or reasonably foreseeable to the defendant that were made in furtherance of" the drug trafficking conspiracy. *United States v. Whirlwind Soldier*, 499 F.3d 862, 872 (8th Cir. 2007) (quoting *Untied States v. Plancarte-Vazquez*, 450 F.3d 848, 852 (8th Cir. 2006)). Here, the United States was prepared to establish Herrera Machaca was responsible for more than 15 kilograms of methamphetamine. (Government's Position on Sentencing at 1-2, Mar. 6, 2014, Docket No. 482.) In response, defense counsel effectively negotiated a stipulation for a lesser base offense level by contending Herrera Machaca was responsible for at least 500 grams but not more than 15 kilograms of methamphetamine. (Def.'s Position on Sentencing at 1, Jan. 8,

2015, Docket No. 548; Sentencing Hr'g Tr. at 3:25-4:21, 7:18-8:11.) The Court accepted the stipulation, (Sentencing Hr'g Tr. at 8:12-15), and sentenced Herrera Machaca for 168 months imprisonment, a downward variance from the advisory Guideline range of 188 to 235 months imprisonment, (*id.* at 8:21-9:10, 22:8-12).

On appeal, the Eighth Circuit rejected Herrera Machaca's challenge to the substantive reasonableness of the sentence based on the drug quantity, holding "four days before the sentencing hearing, [Herrera Machaca] withdrew his request for an evidentiary hearing on th[is] matter[] in return for the government's agreement to a base offense level and role enhancement that defense counsel stipulated – in open court at sentencing – that the government could support with proof." *United States v. Herrera Machaca*, 614 F. App'x 344, 345 (8th Cir. 2015).

Defense counsel was entirely effective as he negotiated a lesser base-offense level and role for Herrera Machaca, despite the United States' evidence that would have aggravated both of those sentencing factors and enhanced the advisory Guideline range. Thus, the Court rejects Herrera Machaca's ineffective assistance of counsel claims and will deny the § 2255 petition.

## III. CERTIFICATE OF APPEALABILITY

The Court may grant a Certificate of Appealability only where the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must show that "the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further

proceedings." *Flieger v. Delo*, 16 F.3d 878, 883 (8th Cir. 1994).  For purposes of appeal under § 2253(c)(2), the Court finds that Herrera Machaca has not shown that reasonable jurists would find the issues raised in the § 2255 motion debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings. Therefore, the Court declines to grant a Certificate of Appealability.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Herrera Machaca's Motion for Extension to File a 28 U.S.C. § 2255 Petition [Docket No. 638] is **DENIED as moot**.

2.  Herrera Machaca's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Docket No. 639] is **DENIED**.

3.  For the purpose of appeal, the Court does **NOT** grant a Certificate of Appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  July 26, 2017                  _____
at Minneapolis, Minnesota.                 JOHN R. TUNHEIM
                                                              Chief Judge
                                                    United States District Court